## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FREDERICK O. SILVER,         )
                               )
         Plaintiff,         )
                               )
        v.              )     Civil Action No.  1:20-cv-03355 (UNA)
                               )
                               )
STEVEN TERNER MNUCHIN, *et al.*,    )
                               )
        Defendants.      )

## <u>MEMORANDUM OPINION</u>

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant the IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a resident of San Antonio, Texas, sues the United States Secretary of Treasury and Commissioner of Internal Revenue for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Finance Code.  He also alleges violations of the Privacy Act, 5 U.S.C. § 552a, *et. seq.*, though it is entirely unclear what provision of that statute plaintiff contends was violated and/or what specific actions were taken in violation of the statute.

Plaintiff alleges that he "at some point" incurred a debt that "was consigned, placed or otherwise [t]ransferred" to defendants "for [c]ollection."  He further alleges that defendants failed to properly identify themselves as debt collectors, harassed and coerced him, utilized his private information, and otherwise invaded his personal privacy in furtherance of their collection efforts.  Plaintiff seeks monetary damages under 15 U.S.C. § 1692k, including punitive damages.

The FDCPA provides in relevant part:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]

15 U.S.C. § 1692k(a). Sovereign immunity applies here because the FDCPA explicitly excludes from the definition of debt collector "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(C); *see Ha v. US. Dep't of Educ.,* 680 F. Supp. 2d 45, 47 (D.D.C. 2010) (agreeing that the FDCPA does not "contain an unequivocal or express waiver of sovereign immunity as to [DOE's] efforts to collect on a debt") (citing

*Wagstajfv. US. Dep't of Educ.,* 509 F.3d 661,664 (5th Cir. 2007) (other citations omitted)).

Accordingly, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: December 11, 2020

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge